UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-44-KAC-JEM |
| | ) | |
| BARBARA A. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Barbara A. Smith's Motion to Continue Trial Date [Doc. 115], filed on October 29, 2024.

Defendant Smith requests that the Court continue the trial date [Doc. 115]. She states that on August 19, 2024, the Government disclosed that it retained an expert in anticipation of trial [*Id.* ¶ 2]. She asserts that discovery is voluminous, with more than 38,000 pages produced initially, and anticipates additional discovery [*Id.* ¶ 3]. She requires additional time to address the Government's recently disclosed expert, retain her own expert, further investigate the matter, and review discovery materials [*Id.* ¶¶ 2–3]. Defendant Smith notes that Codefendants Jared Riddle and Brian Woods have entered into plea agreements [*Id.* ¶ 4]. She has been advised of her speedy trial right [*Id.* ¶ 4]. Finally, Defendant Smith represents that the Government does not oppose continuing the trial date [*Id.* ¶ 5].

Based upon the information in Defendant's motion, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the

factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to retain an expert, investigate the matter, review discovery materials, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 3, 2024 trial date.

The Court therefore **GRANTS** Defendant Barbara A. Smith's Motion to Continue Trial Date [**Doc. 115**]. The trial of this case is reset to **June 17, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 29, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Barbara A. Smith's Motion to Continue Trial Date [**Doc. 115**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 17, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 29, 2024**, and the new trial date of **June 17, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 19, 2025**;

(5) the deadline for filing motions *in limine* is **June 2, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 3, 2025, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 6, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge