IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CR-44-KAC-JEM-3 |
| ) | |
| BARBARA A. SMITH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Joint Motion to Continue [Doc. 132] of Defendant Barbara A. Smith and the United States, filed on May 12, 2025.

The parties ask the Court to continue the June 17, 2025 trial date and associated deadlines [Doc. 132]. In support of their motion, the parties assert that they continue to discuss a potential pretrial resolution to the charges against Defendant [*Id.* ¶ 8]. Additionally, the Assistant United States Attorney, who is the lead counsel for the Government in this matter, will be unavailable for the current trial date due to upcoming medical treatment in May and June [*Id.* ¶ 9]. The parties state that they are available for a trial date in November 2025 [*Id.* ¶ 10]. Defendant understands her speedy trial rights, including that the time between filing this motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 12].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would likely result in a miscarriage of justice and deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B)(i), (iv). The Court also concludes that failing to grant a continuance would unreasonably deny the Government continuity of counsel and determines that this continuance is not due to a lack of diligent preparation on part of counsel for the Government. *Id.* § 3161(h)(7)(B)(iv), 3161(h)(7)(C). Counsel for both parties need time to continue negotiating a potential pretrial resolution, and if such efforts are not fruitful, otherwise prepare for trial. *See id.* § 3161(h)(7)(B)(iv). Due to medical treatments, the lead counsel who has represented the Government since the beginning of the matter cannot do so at a trial that begins on June 17, 2025. *See id.* § 3161(h)(7)(B)(iv), 3161(h)(7)(C).

The Court therefore **GRANTS** the Joint Motion to Continue [**Doc. 132**]. After conferring with counsel for both parties, the trial of this case is reset to **January 13, 2026**.[1] A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the initial motion on May 12, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(C).

Accordingly, it is **ORDERED** as follows:

(1) the Joint Motion to Continue [**Doc. 132**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 13, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

---

[1] The proposed trial date in November 2025 [Doc. 132 ¶ 10], was not available.

(3) all time between the filing of the motion on **May 12, 2025**, and the new trial date of **January 13, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 15, 2025**;

(5) the deadline for filing motions *in limine* is **December 29, 2025**, and responses to motions *in limine* are due on or before **January 6, 2026**;

(6) the parties are to appear before the undersigned for a pretrial conference on **December 30, 2025, at 10:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 2, 2026**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge